[No. 23341. Department One. January 18, 1932.]

WALKER RASPPERRY *et al., Respondents,* v. WILLIAM M. YEAMAN *et al., Appellants.*[1]

*Grady & Velikanje,* for appellants.

*Snively & Bounds* and *Robert J. Willis,* for respondents.

MITCHELL, J.—While William M. Yeaman, hereinafter spoken of as appellant, was engaged in stuccoing the front of a theatre building on one of the main streets in Toppenish, one of his employees dropped a galvanized pail, striking and injuring Rachel Raspperry, hereinafter spoken of as the respondent.

Respondent and her husband brought this action against appellant and his wife to recover damages caused by the negligence of the appellant. The answer contained appropriate general denials, affirmative allegations of contributory negligence, and the further defense of a written release of any and all claim on the part of respondent and her husband, executed and delivered by them for a valuable consideration. By a

[1] Reported in 6 P. (2d) 1114.

reply, the allegations of contributory negligence were denied, and the defense of a written release was answered by the charge that it was obtained by fraud. The verdict was for the respondents. The appeal is from a judgment on the verdict.

■ The first assignment of error arises upon the refusal of the court to give an instruction requested by the appellants with respect to particular language the refused instruction contained, the particular language being as follows:

"Pedestrians using a sidewalk when such repairs or construction work is going on must exercise reasonable care to take notice thereof and must exercise a greater amount of care for their own safety in passing along the sidewalk than would be required of them if such work was not going on," etc.

In our opinion, however, the subject was sufficiently and properly covered by instructions that were given. In its proper place and connection, the court told the jury:

"The defendants had the right to make a reasonable use of the sidewalk in question to bring materials to and from the building, to erect scaffolding on the sidewalk in the prosecution of such work, and to hoist materials as needed in the work, and one using the sidewalk at the point where such use was being made of the sidewalk by the defendants was bound to use reasonable care for his own protection in view of such use by the defendants."

The instruction refused and the one given are essentially and substantially alike—the one couched in the language suggested by a party to the action, the other in words chosen by the court.

■ Assignment of error No. 2 refers to an instruction that was given concerning several surgical operations following the injuries suffered, in their relation to each other and as affecting the rights of the person

injured in an action against the one who caused the injuries. Two objections are made: First, that there was no evidence in the case to which the instruction could apply, but an examination of the record satisfies us that appellant is in error in this respect, there was evidence upon the subject; and second, that it amounts to an unwarranted comment on the evidence because of the introductory words as follows: "Some evidence has been introduced to the effect that the chronic inflammation," etc. But it appears to us there can be no doubt that there was nothing wrong in the use of the language, which was manifestly intended to be directory and introductory, only, to one feature of the case upon which the court proceeded to give substantial advice and instruction.

Assignments three and four question the refusal of the trial court to grant a directed verdict for the appellants and, later, the refusal to grant a judgment notwithstanding the verdict. The two assignments are argued together to the effect that the written release given by the respondents was a complete defense to the action, and that the evidence was insufficient to sustain a finding of the jury that it was fraudulently obtained.

This presented a question of fact. The instruction of the court upon this defense and the issue of fraud connected with it were correct, and elicited no objection or exception whatever. The evidence on the subject was decidedly conflicting. The jury's decision of the issue in favor of the respondents is conclusive, so far as anything appearing in the record is concerned.

Affirmed.

TOLMAN, C. J., PARKER, BEELER, and HERMAN, JJ., concur.